The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Tamara R. Nance. The appealing party has shown good ground to reconsider the evidence. The Full Commission modifies the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission modifies the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff, who is 35 years old, attended school to the eleventh grade and thereafter performed mostly factory and restaurant work.
2. Plaintiff was employed by defendant-employer as a cook, cashier, and dishwasher (restaurant clerk). This involved lifting up to 10 pounds and frequent standing.
3. The number of hours plaintiff worked each week varied. She earned $4.25 an hour and then at some point received a raise to $4.35 an hour.
4. Plaintiff sustained injuries to her neck, left elbow, and low back on February 9, 1992 when she slipped on a wet floor and fell.
5. Following the injury plaintiff came under the care of Dr. Marsigli, who diagnosed via MRI, myelogram, and CT-Scan, a ruptured disc at L4-5. When plaintiff failed to improve with conservative treatment, she underwent a laminectomy and fusion by Dr. Marsigli on October 7. 1992.
6. By March 29, 1993 plaintiff had improved to the point that she could perform modified work with no lifting greater than 20 to 30 pounds and no climbing ladders, crawling, stooping, or sitting a long time.
7. Based upon defendant-employer's representation to the plaintiff in a letter, that suitable work was available to accommodate her restrictions and that the job would be held open until May 2, 1993, plaintiff reported to work May 2, 1993. At said time, the store manager was not there and no one else had the authority to assign work to plaintiff. Thereafter, plaintiff reported to work on three consecutive days and was unable to speak to the store manager or to obtain a job assignment. Consequently, defendant-employer has not met its burden of proving that suitable work was available for plaintiff, or that plaintiff refused suitable employment.
8. Defendant-employer went out of business sometime in June 1993. Although this was an admitted claim, defendants made no effort to provide vocational rehabilitation service to the plaintiff.
9. On December 15, 1993 plaintiff underwent additional surgery to remove the plates from plaintiff's back. By April 13, 1994 she was "doing fine," according to Dr. Marsigli, with only intermittent back pain. Dr. Marsigli released plaintiff from his care on that day and assigned her a 20 percent permanent partial disability rating to her back.
10. As a result of the injury of February 9, 1992 plaintiff was unable to earn the same wages she was earning at the time of the injury in the same or any other employment from December 9, 1992 to April 13, 1994, the date she reached maximum medical improvement.
11. Plaintiff's condition is likely to require future medical treatment and maintenance.
* * * * * * * * * * *
Based upon the finding of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the injury of February 9, 1992 plaintiff was temporarily and totally disabled from February 9, 1992 to April 13, 1994. N.C.G.S. § 97-29.
2. As a result of the injury of February 9, 1992 plaintiff retains a 20 percent permanent disability to her back which entitles her to compensation under N.C.G.S. § 97-31(23) for a period of 60 weeks.
3. There is insufficient evidence of record to determine by its greater weight that the average weekly wage of $130.50 that the parties agreed to on the Form 21 was the result of a mutual mistake of fact, and therefore it will not be set aside under N.C.G.S. § 97-17.
4. Plaintiff is entitled to the payment of any medical expenses incurred or to be incurred to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission modifies the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability benefits at the rate of $87.00 per week for the period from February 9, 1992 to April 13, 1994. This compensation has accrued and shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
2. Defendants shall pay plaintiff permanent partial disability benefits at the rate of $87.00 per week for a period of 60 weeks. That compensation which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
3. Plaintiff's attorney is entitled to a fee of 25 percent of the compensation awarded herein, which amount shall be deducted from the lump sum due plaintiff and paid directly to Mr. Perry.
4. Defendants shall pay all medical expenses incurred or to be incurred by the plaintiff as a result of her compensable injury to the extent that such treatments tend to effect a cure, give relief or lessen plaintiff's disability when bills for same are submitted through defendant-carrier to the Industrial Commission and approved.
5. Defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 6/5/95